### MAY v. LEEF.

(Supreme Court, Appellate Term. January 27, 1910.)

NEGLIGENCE (§ 7*)—ACTS CONSTITUTING NEGLIGENCE—LIABILITY.

Where a child six years old was thrown down by defendant while he was chasing children, and after the child fell defendant dropped a hatchet which he was carrying, injuring the child, there was evidence that defendant was negligent and that the child was free from contributory negligence.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis May, as guardian ad litem for Blanche May, an infant, against Charles Leef. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Lester W. Eisenberg, for appellant.
Samuel Manheimer, for respondent.

LEHMAN, J. The plaintiff, an infant six years of age, sues for personal injuries received through the negligence of the defendant. According to the story told by both her parents and by a third witness, the child was thrown down by the defendant while chasing some boys, and after the child fell the defendant dropped a hatchet, which he was carrying in his hand, on her head. The defendant denies that he was carrying a hatchet, and claims that he was chasing some boys who took his hatchet away while he was opening some barrels, and that the boys in running away knocked down the plaintiff. The defendant is corroborated by one witness, who says he saw him chase the boys after they had taken the hatchet away, but admits that he did not see the accident, and by a second witness whose story in the opinion of the trial justice was so palpably false that he was ordered to leave the witness stand.

The defendant's story contains some inconsistencies, and I think from the state of the record we are justified, not only in believing that the version of the plaintiff's witnesses was true, but that the trial justice believed them. It seems to me that the judgment for the defendant can be explained only upon the theory that the trial justice found that, even according to the story of these witnesses, the defendant was not shown to be negligent, or that the plaintiff was not shown to have

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been free from contributory negligence. Upon both of these points I think that the fair inference was in favor of the plaintiff.

· Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.